UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WARREN DAWSON,             )
                                   )
               Petitioner,     )     Case No. 4:06-cv-27
                                   )
v.                            )     Honorable Robert Holmes Bell
                                 )
CAROL HOWES,           )
                                 )     **REPORT AND RECOMMENDATION**
               Respondent.    )
_____)

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

I.      Factual Allegations

Petitioner is incarcerated at the Lakeland Correctional Facility. After a jury trial, Petitioner was convicted of first-degree premeditated murder, MICH. COMP. LAWS § 750.316, in the Muskegon County Circuit Court.  On March 11, 1987, the trial court sentenced Petitioner to life imprisonment.  The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on June 12, 1990.[1]  The Michigan Supreme Court refused to review Petitioner's application for leave to appeal because he failed to meet the filing deadline.

Petitioner filed two motions for relief from judgment in the Muskegon County Circuit Court.  On September 27, 1994, Petitioner filed his first motion for relief from judgment, which the trial court denied on November 10, 1994.  Although Petitioner appealed to the Michigan Court of Appeals, the appellate court allegedly directed him to refile his motion in the trial court on  July 12, 1996.  Petitioner did not seek leave to appeal in the Michigan Supreme Court.  On August 31, 1999, Petitioner filed his second motion for relief from judgment in the Muskegon County Circuit Court.  The trial court denied his motion on January 12, 2001.  The Michigan Court of Appeals and Michigan Supreme Court denied his applications for leave to appeal on January 23, 2001 and July 30, 2001, respectively.

As stated verbatim in his petition, Petitioner raises the following grounds for habeas corpus relief:

---

[1]In his habeas application, Petitioner states that the Michigan Court of Appeals affirmed his conviction on June 12, 1989.  Pet. at 3. According to the Michigan Court of Appeals docket sheet for Case No. 99653, the Michigan Court of Appeals affirmed his conviction on June 12, 1990.  The Court will give Petitioner the benefit of the later date.

A.    [PETITIONER] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL WHEN THE PROSECUTOR CONCLUDED HIS CASE IN CHIEF AND COUNSEL FAILED TO MOVE FOR A DIRECTED VERDICT WHEN IT WAS OBVIOUS THAT THE PROSECUTOR HAD FAILED TO PROVIDE PROOF THAT THE ALLEGED HOMICIDE WAS FIRST DEGREE MURDER THROUGH FAILURE TO ESTABLISH THE ESSENTIAL ELEMENTS OF PREMEDITATION AND DELIBERATION.

B.    [PETITIONER] WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN DEFENSE COUNSEL STIPULATED WITH THE PROSECUTOR THAT THE TRIAL COURT NEED NOT PROVIDE THE JURY WITH EITHER THEORY OF THE CASE, HOWEVER, THE TRIAL COURT DEVISED A HYBRID INSTRUCTION OF MANSLAUGHTER WHICH DID NOT APPRIZE THE JURY OF A TRUE DEFINITION [OF] VOLUNTARY OR INVOLUNTARY MANSLAUGHTER.

C.    [PETITIONER] WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR COUNSEL'S FAILURE TO ADVANCE THE CLAIM THAT THE TRIAL COURT REVERSIBLY ERRED WHEN IT ALLOWED THE PROSECUTOR TO DIVIDE HIS CASE IN CHIEF UNDER THE GUISE OF REBUTTAL EVIDENCE, AND DENIED DEFENDANT THE RIGHT TO CHALLENGE THE EVIDENCE PRESENTED IN THAT PORTION OF THE CASE WITH COMPETENT AND RELEVANT EVIDENCE.

D.    [PETITIONER] WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN APPELLATE COUNSEL DID NOT RAISE THE INSUFFICIENCY OF THE EVIDENCE WHEN SUCH A CLAIM HAD ARGUABLE MERIT.

E.    [PETITIONER] SHOULD BE ALLOWED TO PROCEED UNDER MCL § 770.2, DELAYED APPLICATION FOR A NEW TRIAL AND NOT HAVE HIS PLEADINGS CONVERTED TO A MOTION FOR RELIEF FROM JUDGMENT BECAUSE OF THE REQUIREMENT OF HAVING TO APPLY MCR 6.500, CAUSE AND PREJUDICE, RETROACTIVELY.

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28

U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections

do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year

limitation period runs from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review."  According to paragraph nine of

Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals.  The

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

Michigan Court of Appeals affirmed Petitioner's conviction on June 12, 1990.  Although Petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court, it was rejected because the application was filed more than fifty-six days after the decision of the Michigan Court of Appeals in violation of M.C.R. 7.302(C)(3).

　　　　　Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added).  However, such a petitioner is not entitled to also count the ninety-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (where a section 2255 petitioner fails to file a direct appeal to the court of appeals, the time for filing a habeas petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255).  Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had  . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)).  Accordingly, Petitioner's conviction became final on August 7, 1990 (fifty-six days after June 12, 1990).

Nevertheless, a petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). The grace period ended on April 24, 1997. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000).

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed two motions for relief from judgment in the Muskegon County Circuit Court. On September 27, 1994, Petitioner filed his first motion for relief from judgment. The trial court denied the motion on November 10, 1994. Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. On July 12, 1996, the Michigan Court of Appeals denied Petitioner's application for leave to appeal but directed him to refile his motion in the trial court. Petitioner did not seek leave to appeal in the Michigan Supreme Court. Petitioner's first motion for relief from judgment tolled the statute of limitations beginning April 24, 1996, the effective date of the AEDPA, because his motion was then pending in the state appellate courts. *See* 28 U.S.C. § 2244(d)(2). Petitioner's motion remained pending in the Michigan Court of Appeals until July 12, 1996. The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case. *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003). As previously stated, the Supreme Court will review only final

judgments of the "highest court of a state in which a decision could be had  . . . ." 28 U.S.C. §
1257(a).  Since Petitioner did not seek review in the Michigan Supreme Court, the decision must be
considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme
Court.  *Roberts*, 319 F.3d at 694-95; *Kapral*, 166 F.3d at 57; *Ovalle*, 2002 WL 31379876, at *2.
Therefore, the statute of limitations was tolled for fifty-six days after the Michigan Court of Appeals'
decision, or until September 6, 1996.  Therefore, Petitioner's one-year period expired on September
6, 1997.

Petitioner filed a second motion for relief from judgment on August 31, 1999 in the
Muskegon County Circuit Court.  Because Petitioner's one-year period expired on September 6,
1997, his 1999 motion for relief from judgment did not serve to revive the limitations period.  While
28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed
petition for state collateral review is pending, the tolling provision does not "revive" the limitations
period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  Once the
limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.
*See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000
WL 553948, at *2 (6th Cir. Apr. 28, 2000);  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.
2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-
Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793 (N.D. Cal. Feb. 2, 1999).  Even where the
postconviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the
motion for relief from judgment does not revive the statute of limitations.  *See Allen v. Yukins*, 366
F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)).

- 7 -

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen*, 366 F.3d at 401; *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District

- 8 -

Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard

by the District Judge.

### Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition

be denied because it is barred by the one-year statute of limitations.


Dated:   March 28, 2006                        /s/  Joseph G. Scoville
                                               United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections
may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th
Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).